IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WACO VILLAGE PARTNERS LLC, | ) | |
| | ) | CIVIL ACTION FILE NO: |
| Plaintiff, | ) | 6:20-cv-123 |
| | ) | (Removed from the District |
| | ) | Court of McLennan County, TX) |
| v. | ) | |
| | ) | |
| TRIUMPH MANAGEMENT GROUP, LLC, | ) | |
| TRIUMPH HOUSING MANAGEMENT, LLC, | ) | |
| GREGORY B. JONES, PAUL J. PONTE, | ) | |
| DAVID GATES, AND BRADLEY A. FRERICKS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' NOTICE OF REMOVAL

TO:    The Judges of the United States District Court, Western District of Texas,
Waco Division.

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants David Gates ("Gates"), Bradley A.

Frericks ("Frericks") and Triumph Housing Management, LLC ("THM"), by limited and special

appearance and without waiving any defenses, file this Notice of Removal, removing this action

from the District Court of McLennan County, Texas, to the United States District Court for the

Western District of Texas, Waco Division.   Removal of these claims is premised on the

following grounds:

## STATEMENT OF FACTS

### 1.

On or about December 27, 2019, Plaintiff Waco Village Partners LLC ("Waco Village"

or "Plaintiff") filed a Petition, against Gates, Frericks and THM, in the District Court of

McLennan County, Texas, Civil Action File No. 2019-4592-5 (the "Petition").

2.

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, and pleadings served upon Defendants as of the date hereof are attached as Exhibit A.

3.

The Complaint asserts claims for breach of contract, violation of § 17.46(b) of the Texas DTPA, negligence, fraud, and attorney's fees.

4.

As shown below, this court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (i) Defendants' Notice of Removal is timely; (ii) complete diversity of citizenship exists between Plaintiff, on one hand, and Defendants, on the other hand; and (iii) the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. As such, under 28 U.S.C. § 1441(a), Defendants may remove the action to this Court.

**<u>Removal is Timely</u>**

5.

THM, Gates and Frericks were served with a copy of the Complaint on January 27, 2020. *See* Exhibit B (Acknowledgment of Service).

6.

Defendants have filed this Notice within thirty (30) days after their receipt of the "initial pleadings setting forth the claim for relief upon which such action or proceeding is based," pursuant to 28 U.S.C. § 1446(b)(1).  *See also* FED. R. CIV. P. 6.

7.

Consequently, this Notice is timely under 28 U.S.C. § 1446(b)(1).

## **Complete Diversity of Citizenship Exists**

8.

There exists complete diversity of citizenship between Plaintiff and Defendants, both at the time of the filing of the Complaint and as of the date hereof.

9.

"For the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) (internal quotation marks and citations omitted). Likewise, "[a] corporation is considered a citizen of every state in which it has been incorporated and where it has its principal place of business." *Id.* at 1224; 28 U.S.C. § 1332(c)(1).

10.

THM is a limited liability company whose sole member is Tripoli Management, Inc., a Delaware corporation. Tripoli is incorporated in Delaware and has its principal place of business in Atlanta, Georgia. Therefore, THM is a citizen of Delaware and Georgia.

11.

Gates is an individual who resides in Florida with the intent to remain there permanently and therefore is domiciled in and a citizen of Florida.

12.

Frericks is an individual who resides in Georgia with the intent to remain there permanently and therefore is domiciled in and a citizen of Georgia.

13.

Upon information and belief, Plaintiff is a Delaware limited liability company whose sole member is 12th and Newport Partners, LLC, a Washington limited liability company. Upon information and belief, the sole member of 12th and Newport Partners, LLC is C. David Taylor, an individual that, upon information and belief, resides in Washington with the intent to remain there permanently and therefore is domiciled in and a citizen of the state of Washington. Plaintiff is a citizen of Washington.

14.

Upon information and belief, Defendant Triumph Management Group, LLC ("TMG") is a Georgia limited liability company whose sole members are Gregory B. Jones and Paul J. Ponte. Upon information and belief, Jones and Ponte reside in Georgia with the intent to remain there permanently and therefore are domiciled in and are individual citizens of the state of Georgia. TMG is a citizen of Georgia.

15.

Upon information and belief, Jones is an individual who resides in Georgia with the intent to remain there permanently and therefore is domiciled in and a citizen of Georgia.

16.

Upon information and belief, Ponte is an individual who resides in Georgia with the intent to remain there permanently and therefore is domiciled in and a citizen of Georgia.

17.

Consequently, complete diversity of citizenship exists between Plaintiff and Defendants for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332(a).

## The Amount in Controversy Exceeds $75,000.00

18.

The amount in controversy identified in a plaintiff's complaint controls the determination of whether the matter in controversy exceeds the sum or value of $75,000.00, and unless it appears to a legal certainty that the plaintiff cannot recover the amount it claims, a removing defendant may rely on that valuation to establish the statutory predicate for removal under 28 U.S.C. § 1332(a). 28 U.S.C. § 1446(c)(2); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002). Additionally, "[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *see also Mitchell*, 294 F.3d at 1315 ("[W]hen the complaint seeks damages exceeding $75,000, a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy, unless it appears to a legal certainty that the plaintiff cannot recover the amount claimed.").

19.

A removing defendant need only prove that the "'amount in controversy *more likely than not* exceeds the [applicable] jurisdictional requirement.'" *Pretka v. Koler City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000)) (emphasis added).

20.

In the Petition, Plaintiff seeks damages in the amount of at least $775,000. (Petition ¶ 10). Therefore, the amount in controversy exceeds $75,000.

### Attachments

21.

Defendants Triumph Management Group, LLC, Gregory B. Jones and Paul J. Ponte have consented to removal of this case, as evidenced by the document attached as Exhibit C.


WHEREFORE, Defendants David Gates, Bradley A. Frericks and Triumph Housing Management, LLC hereby file this Notice of Removal and remove this action from the District Court of McLennan County, Texas, to this Court. By the notification attached hereto as Exhibit D, Defendants shall notify Plaintiff, through its counsel, Carol C. Payne and Linda G. Moore, and the Clerk of the District Court of McLennan County of Defendants' filing of this Notice of Removal in accordance with 28 U.S.C. § 1446(d).

Respectfully submitted, this the 17th day of February, 2020.

[SIGNATURE ON FOLLOWING PAGE]

MUNSCH HARDT KOPF & HARR, P.C.

500 N. Akard Street, Suite 3800
Dallas, TX 75201-6659
(214) 855-7500
dsharp@munsch.com

By: */s/ Devon D. Sharp*
   Devon D. Sharp
   Texas Bar No. 24060593


BERMAN FINK VAN HORN P.C.


By: */s/ Lea C. Dearing*
   Lea C. Dearing *(pro hac vice to be submitted)*
   Texas Bar No. 24045018
   Charles H. Van Horn *(pro hac vice to be submitted)*
3475 Piedmont Road, N.E.
Suite 1100
Atlanta, Georgia 30305
(404) 261-7711
   Georgia Bar No. 724710
   Katherine M. Silverman *(pro hac vice to be submitted)*
   Georgia Bar No. 395741

COUNSEL FOR DEFENDANTS
TRIUMPH HOUSING MANAGEMENT LLC AND
DAVID GATES AND BRADLEY A. FRERICKS

## CERTIFICATE OF SERVICE

I certify that, on February 17th, 2020, I electronically filed the foregoing **DEFENDANTS' NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Carol C. Payne
Linda G. Moore
Estes Thorne & Carr PLLC
3811 Turtle Creek Blvd, Suite 2000
Dallas, Texas 75219
cpayne@estesthornecarr.com
lmoore@estesthornecarr.com
***Counsel for Plaintiff***

Thomas F. O'Connell, III
Gauntt Koen Binney & Kidd, LLP
25700 I-45 North, Suite 130
Spring, TX 77386
tom.oconnell@gkbklaw.com
***Counsel for Defendants Triumph Management Group, LLC,***
***Gregory B. Jones and Paul J. Ponte***

This 17th day of February, 2020.

MUNSCH HARDT KOPF & HARR, P.C.

By: */s/ Devon D. Sharp*
    Devon D. Sharp
    Texas Bar No. 24060593

500 N. Akard Street, Suite 3800
Dallas, TX 75201-6659
(214) 855-7539
dsharp@munsch.com

COUNSEL FOR DEFENDANTS
DAVID GATES, BRADLEY A.
FRERICKS, AND TRIUMPH
HOUSING MANAGEMENT, LLC